Wang, Gao & Associates, P.C.
By: Heng Wang
36 Bridge Street
Metuchen, NJ 08840
(t): (732) 767-3020
(f): (732) 343-6880
*Attorney for Petitioner*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHENZHEN GOLDELY GARMENTS IMPORT AND EXPORT INC.,**<br><br>*Petitioner*,<br><br>v.<br><br>**POINT COLLECTION LLC AND THE GALLERY COLLECTION LLC,**<br><br>*Respondent.* | **Case No.:** _____ |

**PETITION TO CONFIRM FOREIGN ARBITRAL AWARD**

Petitioner, Shenzhen Goldely Garments Import and Export Inc. ("Goldely"), files this Petition pursuant to the Federal Arbitration Act ("FAA"), specifically Chapter 2, 9 U.S.C. § 207, which implements the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), to confirm a final arbitration award issued by the Shenzhen Court of International Arbitration

("SCIA") in Case No. (2024) Shen Guo Zhong She Wai Cai No. 9811 against Respondents, Point Collection LLC ("PC") and The Gallery Collection LLC ("GC"), jointly and severally. In support of this Petition, Petitioner states as follows:

## PARTIES

1. Petitioner, Shenzhen Goldely Garments Import and Export Inc. is a Chinese company with its principal place of business at 15H, Huajing Huayuan, No.5018 Binhe Avenue, Fushan Community, Futian Sub-district, Futian District, Shenzhen, China, 518048. Goldely is an import and export company that provides garments and other products.

2. Respondents:

    a. Point Collection LLC is a New Jersey limited liability company with its principal place of business at 7 Sherwood Drive, Lakewood, New Jersey, 08701.

    b. The Gallery Collection LLC is a New Jersey limited liability company with its principal place of business at 95 E. Kennedy Blvd, Lakewood, New Jersey, 08701.

## JURISDICTION AND VENUE

3. Personal jurisdiction is proper because both Respondents' principal places of business are at Lakewood, New Jersey, and therefore subject to the general jurisdiction of this Court. See *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("The paradigm all-purpose forums

for general jurisdiction are a corporation's place of incorporation and principal place of business.").

4. This Court has subject-matter jurisdiction over this action pursuant to 9 U.S.C. § 203, which provides federal jurisdiction over actions and proceedings falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), without regard to the amount in controversy.

5. Venue is proper in this District pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(b)(1), because both Respondents reside in this judicial district.

## STANDARD OF REVIEW

6. The Federal Arbitration Act ("FAA"), as supplemented by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), codified at 9 U.S.C. §§ 201–208, governs the recognition and enforcement of foreign arbitral awards in U.S. courts. Under 9 U.S.C. § 207, a court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."

7. The standard applied by a federal court in reviewing an arbitration award "could be generously described only as extremely deferential." *Bellantuono v. ICAP Secs. USA, LLC*, 557 Fed.Appx. 168, 173 (3d. Cir. 2014) (*quoting Dluhos v. Strasberg*, 321 F.3d 365, 372 (3d Cir. 2003)). "[M]indful of the strong federal policy in favor of commercial arbitration, we begin with the presumption that the award is

enforceable." *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219 (3d. Cir. 2012).

**BASIS FOR CONFIRMING THE ARBITRATION AWARD**

8. Petitioner is one of the Respondents' suppliers, providing garments and other products. From November 2023 to January 2024, Respondents placed five purchase orders with the Petitioner. However, Respondents failed to pay for the goods delivered by Petitioner under these orders.

9. On May 4, 2024, Petitioner and Respondents entered No.135TD0029 settlement agreement regarding the Respondents' failure to make timely payments to Petitioner ("Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 1.

10. Pursuant to the Settlement Agreement, the Respondents agreed to pay the Petitioner the sum of USD 220,186 by May 31, 2024, in settlement of all disputes arising from five purchase orders. See Ex. 1.

11. Section 7 of the Settlement Agreement provides, "For making this Settlement enforceable, either party may submit this Settlement Agreement to Shenzhen Court of International Arbitration ("SCIA") and may apply for an arbitral award in accordance with the Settlement Agreement pursuant to the applicable Arbitration Rules of SCIA." See Ex. 1.

12. Despite Petitioner's repeated requests, the Respondents have failed to fulfill their obligations to pay under the Settlement Agreement. Petitioner alleged breach of contract by Respondents.

13. Pursuant to section 7 of the Settlement Agreement, Petitioner initiated arbitration under the SCIA Rules in Case No. (2024) Shen Guo Zhong She Wai Cai No. 9811. See Ex. 1. Petitioner and the Respondents each presented their arbitration claims and defenses in the due proceedings.

14. On March 31, 2025, sole Arbitrator Jianzhao Wang of SCIA issued a final award ("Award") in favor of Petitioner. A certified and translated true and correct copy of the Award is attached hereto as Exhibit 2. The Award provides:

   a. Respondents, PC and GC shall jointly pay the Petitioner the amount of USD 207,496, plus interest (calculated based on the principal amount of USD 207,496 at an annual interest rate of 5.175%, commencing on June 1, 2024 and continuing until the date of full and final payment);

   b. Respondents, PC and GC shall jointly compensate the Petitioner for attorneys' fees in the amount of RMB 50,000; and

   c. Respondents, PC and GC shall pay RMB 52,117 directly to Petitioner as reimbursement for arbitration costs advanced by Petitioner.

15. The FAA provides that a district court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.

16. None of the grounds for refusal or deferral of recognition or

enforcement under Article V of the New York Convention apply in this case. Petitioner is therefore entitled to an order confirming the Award and entering judgment against the Respondents for the specified amounts, together with interest as allowed by law.

**PRAYER**

WHEREFORE, Petitioner respectfully requests that this Court:

1. Enter an order:

    a. Confirming the Award issued by Shenzhen Court of International Arbitration (Case No: (2024) Shen Guo Zhong She Wai Cai No. 9811);

    b. Granting Petitioner post-judgment interest pursuant to 28 U.S.C. § 1961(a), from the date of entry of judgment until payment in full; and

    c. Awarding Petitioner recovery of its legal fees and costs incurred in connection with this proceeding to the extent permitted by federal law or the applicable arbitral award;

2. Enter judgment consistent with the Award and this Court's order; and

3. Grant such other and further relief as the Court deems just and proper.

Date: May 30, 2025

Respectfully submitted,



_____

By: Heng Wang, Esq.
Wang, Gao & Associates, P.C.
36 Bridge Street
Metuchen, NJ 08840
Tel: (732) 767-3020
Fax: (732) 352-1419

Shaoyi Che, Esq.
TX#24139843
*Pro Hac Vice Forthcoming*
YoungZeal LLP
9355 John W. Elliott Dr, Ste 25555, Frisco, TX 75033
Tel: (717) 440 3382
Che@yzlaw.com

***ATTORNEY FOR PETITIONER SHENZHEN GOLDELY GARMENTS IMPORT AND EXPORT INC.***

Wang, Gao & Associates, P.C.
By: Heng Wang
36 Bridge Street
Metuchen, NJ 08840
(t): (732) 767-3020
(f): (732) 343-6880

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHENZHEN GOLDELY GARMENTS IMPORT AND EXPORT INC.,** *Petitioner*, v. **POINT COLLECTION LLC AND THE GALLERY COLLECTION LLC,** *Respondents*. | **Case No.:** \_\_\_\_\_ |

### CERTIFICATION OF ATTORNEY PURSUANT TO LOCAL RULE 201.1(d)(3)

I, Heng Wang, upon my oath certify as follows:

1. I am an attorney with Wang, Gao & Associates, P.C. and counsel for Petitioner, Shenzhen Goldely Garments Import and Export Inc. ("Goldely"), in this litigation. I am an attorney-at-law in the State of New Jersey. I make this certification based on my personal knowledge and could competently testify to the facts set forth below.

2. Pursuant to District of New Jersey Local Rule 201.1(d)(3), I hereby certify that the damage recoverable in the current matter exceeds the sum of $150,000, exclusive of interest and costs and any claim for punitive damages.

3.   This is a dispute arising out of sales contracts and the unpaid price of the goods by the Respondents is the sum of $220,186, exclusive of interest and costs and any claim for punitive damages. Thus, the damage recoverable in this matter is greater than $150,000.

I certify under the penalty of perjury under the laws of the State of New Jersey that the foregoing is true and correct.

Date: May 30, 2025                                      Respectfully submitted,

By: Heng Wang, Esq.
Wang, Gao & Associates, P.C.
36 Bridge Street
Metuchen, NJ 08840
Tel: (732) 767-3020
Fax: (732) 352-1419

***ATTORNEY FOR PETITIONER SHENZHEN GOLDELY GARMENTS IMPORT AND EXPORT INC.***

Wang, Gao & Associates, P.C.
By: Heng Wang
36 Bridge Street
Metuchen, NJ 08840
(t): (732) 767-3020
(f): (732) 343-6880

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SHENZHEN GOLDELY GARMENTS IMPORT AND EXPORT INC.**, <br><br> *Petitioner*, <br><br> v. <br><br> **POINT COLLECTION LLC AND THE GALLERY COLLECTION LLC,** <br><br> *Respondent*. | Case No.: _____ |

**CERTIFICATION OF NO OTHER ACTIONS**

    Pursuant to Local Civil Rule 11.2, it is hereby stated that the matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration or administrative proceeding.

Date: May 30, 2025                                                     Respectfully submitted,



                                              _____

By: Heng Wang, Esq.
Wang, Gao & Associates, P.C.
36 Bridge Street
Metuchen, NJ 08840
Tel: (732) 767-3020
Fax: (732) 352-1419

Shaoyi Che, Esq.
TX#24139843
*Pro Hac Vice Forthcoming*
YoungZeal LLP
9355 John W. Elliott Dr, Ste 25555, Frisco, TX 75033
Tel: (717) 440 3382
Che@yzlaw.com

**ATTORNEY FOR PETITIONER SHENZHEN GOLDELY GARMENTS IMPORT AND EXPORT INC.**