Avram E. Frisch, Esq.
The Law Office of Avram E. Frisch LLC
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com
Attorney for Defendant The Gallery Collection LLC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------------------------- x

Shenzhen Goldely Garments Import and Export Inc., Et Al., Plaintiff

Docket No. 3:25-CV-06313-MAS-RLS

V.

Point Collection LLC, Et Al., Defendant

---------------------------------------------------------------- x

**MEMORANDUM OF LAW OF DEFENDANT IN OPPOSITION TO THE PETITION**

Contents

1. Introduction and Relevant Background ........................................................................... 4
2. Legal Argument ................................................................................................................ 4
   a. Enforcement under the New York Convention ............................................................. 4
   b. The Petitioner Cannot meet its burden on the current record ................................... 6
3. Conclusion ........................................................................................................................ 7

Table of Authorities

**Cases**

- Jiangsu Beier Decoration Materials Co. v. Angle World LLC, 52 F.4th 554 (3d Cir. 2022) - Page 5
- China Minmetals Materials Imp. & Exp. Co., Ltd. v. Chi Mei Corp., 334 F.3d 274 (3d Cir. 2003) - Page 6
- Kaplan v. First Options of Chicago, Inc., 19 F.3d 1503 (3d Cir. 1994), aff'd, 514 U.S. 938, 115 S. Ct. 1920, 131 L. Ed. 2d 985 - Page 6
- Pa. Power Co. v. Local Union # 272, IBEW, 886 F.2d 46 (3d Cir. 1989) - Page 6

**Statutes**

- New York Convention, Art. V(1)(a) - Page 4
- New York Convention Art. IV - Page 5
- Contract Law of the People's Republic of China, Articles 52 and 54 - Page 7
- Contract Law of the People's Republic of China, Section 150 - Page 7
- Contract Law of the People's Republic of China, Article 6 - Page 8

1. **Introduction and Relevant Background**

The petitioner seeks summary approval of an "arbitration" it alleges occurred in China with an employee of the Defendants. As will be clear, the "arbitration" was simply an ambush of an American employee of the Defendants who was threatened with expulsion from an important trade fair in China while browbeaten by security officers and Chinese lawyers on behalf of the Petitioner.

The essential background is set forth in the Declaration of Fernando Hector Machado. He was forced into a room at the Canton Fair (an important semiannual trade fair) by security officers and Chinese lawyers working on behalf of the Petitioner. He was forced to respond to the Petitioner's claims without counsel, under duress and unable to contact his superiors in the United States. Afraid that he would be expelled from the fair, or that something worse would occur (as they implicitly threatened violence). Mr. Machado had no authority to sign on behalf of Respondents, and the agreement that the Petitioner alleges was the result of duress in any event.

Respondents have actual defenses to the amounts being claimed by Petitioner. Primarily, the Respondents have a substantial offsetting claim related to the Petitioner's theft of trade secrets. This claim is currently being litigated in a Chinese Court, but at the same time the Petitioners need to prove the amounts they claim are due in an appropriate forum. This Court should not be rubber stamping a fake arbitration obtained under duress.

2. **Legal Argument**
a. **Enforcement under the New York Convention**

While the New York Convention and the Federal Arbitration Act provide for summary proceedings to confirm an international arbitration award, the Convention does permit defenses to enforcement when "at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:

(a) The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made." New York Convention, Art. V(1)(a).

"Before confirming a foreign award, however, a district court must independently assure itself that the parties consented to arbitrate the merits of their underlying dispute." *Jiangsu Beier Decoration Materials Co. v. Angle World LLC*, 52 F.4th 554, 559 (3d Cir. 2022). Confirmation is only required if the Petitioner can demonstrate that "the party applying for recognition and enforcement shall, at the time of the application, supply: (a) The duly authenticated original award or a duly certified copy thereof; (b) The original agreement referred to in article II or a duly certified copy thereof." New York Convention Art. IV.

"[T]he Convention contemplates that a court should enforce only valid agreements to arbitrate and only awards based on those agreements." *China Minmetals Materials Imp. & Exp. Co., Ltd. v. Chi Mei Corp.*, 334 F.3d 274, 286 (3d Cir. 2003). "[A] court asked to enforce an arbitration award, at the request of a party opposing enforcement, may determine independently the arbitrability of the dispute. ibid at 289. Finally, a "party does not have to try to enjoin or stay an arbitration proceeding in order to preserve its objection to jurisdiction. . . . A jurisdictional objection, once stated, remains preserved for judicial review absent a clear and unequivocal waiver. . . . Therefore, where a party objects to arbitrability but nevertheless participates in the arbitration proceedings, waiver of the challenge to arbitral jurisdiction will not be inferred." ibid. at 290 quoting *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1510 (3d Cir. 1994), aff'd, 514 U.S. 938, 115 S. Ct. 1920, 131 L. Ed. 2d 985; and *Pa. Power Co. v. Local Union # 272, IBEW*, 886 F.2d 46, 50 (3d Cir. 1989).

Then Judge Alito concurred in the *China Minmetals* decision and noted specifically that "The better reading of Article IV -- which comports with fundamental principles of arbitration -- requires that the party seeking enforcement both (1) supply a document purporting to be the agreement to arbitrate the parties' dispute and (2) prove to the court where enforcement is sought that such document is in fact an "agreement in writing" within the meaning of Article II, Section 2. In the present case, accordingly, Minmetals was required to demonstrate to the District Court that an officer of Chi Mei signed the purported [*294] nickel contracts. Because the District Court ordered the award enforced without requiring Minmetals to make that showing, its deciion must be vacated." ibid. at 293-94.

### b. The Petitioner Cannot meet its burden on the current record

Under Chinese law, agreements obtained through duress are considered invalid because they violate the principles of fairness and voluntariness that underpin contractual obligations. The duress experienced by Mr. Machado, as detailed in the Respondent's declaration, exemplifies this invalidity. Forced into a room by security officers and pressured by lawyers acting on behalf of the Petitioner, Mr. Machado signed an agreement without legal counsel, under threats of violence, and in fear of being expelled from the Canton Fair.

Chinese Contract Law explicitly stipulates that a contract is void if it is concluded under coercion or threats that compromise the free will of the concerned parties. Articles 52 and 54 of the Contract Law of the People's Republic of China both provide for cancellation of contracts obtained under duress. Similar provisions exist in other sections of China's civil code, including Section 150 thereof, which was cited to the arbitration panel. Given the circumstances described, the Respondents were clearly deprived of their ability to act voluntarily and in their best legal interests, rendering any such agreement legally untenable under Chinese law.

Furthermore, the Petitioner's actions—implicitly threatening violence and isolating Mr. Machado from his superiors—constitute a direct affront to the principle of good faith (Article 6 of the Contract Law), which is a foundational requirement in Chinese legal transactions. By depriving Mr. Machado of his autonomy and pressuring him into signing under duress, the actions of the Petitioner invalidate not only the spirit of the contract but also the legitimacy of the arbitration agreement itself. Thus, the Court should give due consideration to the conditions under which this agreement was obtained and recognize its inherent invalidity under applicable Chinese legal standards.

As discussed above, it is incumbent on this Court to determine the validity of the underlying agreement to arbitrate, which Respondents can demonstrate was not valid.

3. **Conclusion**
For these reasons, the Court should deny the petition.

_____
Avram E. Frisch