Avram E. Frisch, Esq.
The Law Office of Avram E. Frisch LLC
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com
Attorney for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------- x

**SHENZHEN GOLDELY GARMENTS IMPORT AND EXPORT INC.,**

**Petitioner,**

v.

**POINT COLLECTION LLC AND THE GALLERY COLLECTION LLC,**

**Respondent.**

Docket No. 3:25-cv-06313-MAS-RLS

**DECLARATION OF FERNANDO HECTOR MACHADO IN OPPOSITIN TO THE PETITION**

-------------------------------------------------------------- x

Pursuant to 28 U.S.C. § 1746, I, Fernando Hector Machado, declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1. I am an employee of the Defendants in this action and make this certification in opposition to the petition to confirm the foreign arbitration award. The facts recited herein are based on my personal knowledge.

2. The events described below occurred while I was carrying out my responsibilities as an employee.

3. On May 4, 2024, while attending the Canton Fair in Guangzhou, China—a biannual trade event crucial to our company's production supply chain—I received a phone call from security personnel requesting my immediate presence at their booth. They informed me

that failure to appear would result in the cancellation of my fair badge and a permanent ban from the Canton Fair. This would have severely impacted our business operations.

4. This date was a Saturday, and my employers in Lakewood were observing the Jewish sabbath and were unreachable by telephone.

5. Upon arriving at the security booth with our employee in China, Irene Ji, I encountered security staff, lawyers representing the Canton Fair, and representatives of Goldely Garments, including Mr. Ren and his son.

6. One of the lawyers informed me that Mr. Ren's company had filed a claim against our organization for unpaid goods. They alleged that we owed $220,000 stemming from purchase orders and outstanding invoices.

7. In response, I acknowledged the existence of the claimed invoices but clarified that 1) as the production manager, I do not hold the authority to approve payments or make binding financial commitments on behalf of the company.

8. I also emphasized that our company had conducted millions of dollars' worth of business with Mr. Ren's company in the past. Despite this, the lawyers insisted that I confirm the dollar amount of the outstanding invoices and commit to payment, despite my lack of authority on this issue.

9. I then further explained that I could not confirm the figures without accessing the relevant records on my computer, which was back at my hotel.

10. After some negotiation, they allowed me to retrieve my computer. I was under duress the whole time, as I had no ability to communicate with my own attorney and was being threatened by foreign lawyers and security personnel. I went along due to the threats to

the business (and thus my job) and the implicit threat of violence in a totalitarian state such as China.

11. Approximately an hour later, I returned with Irene, reviewed the records, and confirmed the dollar amount of the invoices being claimed by Petitioner.

12. The lawyers then prepared a document in both English and Chinese that included the confirmed figures. Irene reviewed the Chinese version while I reviewed the English version.

13. The lawyers informed me that failure to sign the document would result in my immediate expulsion from the Canton Fair, and our company would be banned from participating in future events. Under this pressure, and to ensure our company's continued participation in the Canton Fair, I signed the document.

14. There was no arbitration proceeding, and the document signed was foisted upon me. Furthermore, I have no ownership of the Defendants, and have never been authorized to represent the company in any sort of legal proceeding.

15. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 26th day of June, 2025.

_____
Fernando Hector Machado