IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHENZHEN GOLDELY GARMENTS IMPORT AND EXPORT INC., <br><br> *Petitioner*, <br><br> v. <br><br> POINT COLLECTION LLC AND THE GALLERY COLLECTION LLC, <br><br> *Respondent.* | Case No.: 3:25-CV-06313 <br><br> Honorable Judge Michael A. Shipp <br><br> Magistrate Judge Rukhsanah L. Singh |

**PETITIONER'S REPLY MEMORANDUM IN FURTHER SUPPORT OF PETITION AND MOTION TO RECOGNIZE, ENFORCE AND CONFIRM A FOREIGN ARBITRATION AWARD**

Petitioner, Shenzhen Goldely Garments Import and Export Inc. ("Goldely" or "Petitioner"), by and through its undersigned counsel, hereby respectfully submits this Memorandum of Law in reply to Defendant's Opposition to the Petition (the "Opposition", Dkt. 10) filed by Respondents, Point Collection LLC ("PC") and The Gallery Collection LLC ("GC").

**PRELIMINARY STATEMENT**

"An arbitration award has the same effect under the doctrine of res judicata as a judgment of the court." *Carino v. Allstate Fin. Servs., LLC*, No. A-571709T4, 2011 WL 1364150 (N.J. Super. Ct. App. Div. Apr. 12, 2011). In reviewing a foreign arbitration award decided pursuant to the New York Convention, a district court plays a limited role — "it

1

must confirm the award unless one of the grounds for refusal specified in [Article V of] the Convention applies to the underlying award" and "strictly applied the Article V defenses and generally view them narrowly." *Admart AG v. Stephen and Mary Birch Foundation, Inc.*, 457 F.3d 302, 307-308 (3d Cir. 2006) ; *see also*, 9 U.S.C. § 207. The party opposing confirmation has the burden of demonstrating that there is a defense to recognition and enforcement under Article V of the Convention. *E. Land Retail LTD v. Sky Mart Global LLC*, 2014 U.S. Dist. LEXIS 164225, 2014 WL 6635018, at *4 (D.N.J. Nov. 21, 2014); *KG SCHIFFFAHRTSGESELLSCHAFT MS Pacific Winter MBH & CO. v. Safesea Transp., Inc.*, 2019 U.S. Dist. LEXIS 166205, at *4 (D.N.J. Sept. 26, 2019).

Respondents' Opposition solely relied on Article V(1)(a) of the New York Convention as a basis for refusing enforcement of the arbitral award, but the record clearly shows that Respondents have waived such a defense. In the arbitral proceeding before a sole arbitrator (the "Tribunal") appointed by the Shenzhen Court of International Arbitration (the "Arbitral Proceeding"), Respondents were given a full and fair opportunity to present their case on the disputed issues, including the validity of the Settlement Agreement. Nevertheless, Respondents were unable to produce any evidence to support its position and eventually did not object to the jurisdiction of the Tribunal. *See* Dkt. No. 4-4 at 11. Respondents even submitted evidence on the merits of the underlying dispute and convinced the Tribunal to adjust the amount payable to Petitioner. *Id.* at 18. The record clearly establishes Respondents' waiver of the alleged jurisdictional challenge.

Even assuming, *arguendo*, that this defense has not been waived, as of this filing, Respondents have not met their heavy burden of proof to demonstrate the alleged invalidity of the underlying settlement agreement that formed the basis of arbitrability (Dkt. No. 4-3,

"Settlement Agreement). Instead, Respondents merely relied on conclusory assertions and presented no evidence but self-testifying declarations. As the arbitrator has noted in the Award, "[t]he Respondents have failed to provide any evidence demonstrating that the Settlement Agreement was executed under duress, nor did they exercise their right of revocation in accordance with the legal procedures." Dkt. No. 4-4 at 16. The repeated and constant failure of Respondents to prove their assertion of duress undermines the credibility of factual allegations Respondents made to oppose the enforcement of the Award.

Therefore, the Award should be confirmed and enforced.

## ARGUMENT

### A.  Respondents Have Waived the Jurisdictional Objection

Respondents cited the key Third Circuit precedent — *China Minmetals Materials Imp. & Exp. Co., Ltd. v. Chi Mei Corp.*, 334 F.3d 274 (3d Cir. 2003) — to invoke this Court's authority to determine the arbitrability of the dispute and the Tribunal's jurisdiction based on the alleged invalidity of Settlement Agreement. Dkt. No. 10 at 5-6. Nevertheless, they ignore a key prerequisite set forth by the Third Circuit: the opposing party should "consistently objected to the arbitral panel's jurisdiction both in the arbitration proceedings and before the district court." *China Minmetals Materials Imp. & Exp. Co., Ltd. v. Chi Mei Corp.*, 334 F.3d 274, 291 (3d Cir. 2003). Courts have found waiver where a party merely raised "nominal objection to the arbitrator's jurisdiction" and "proceeded to participate fully in the merits of the arbitration." *Id.* (citing *Highgate Dev. Corp. v. Kirsh*, 224 N.J.Super. 328, 540 A.2d 861, 863 (1988)).

During the Arbitral Proceeding, Respondents were competently represented by attorneys. They made similar arguments regarding the validity of the underlying Settlement

Agreement. However, their arguments were not consistently raised to the arbitral tribunal and were withdrawn after it failed to produce any record to support the claim of coercion. Dkt. No. 4-4 at 11-16. On the record, the Claimant and the Respondents each presented their arbitration claims and defenses, respectively. *Id.* at 11-13. Specifically, Respondents raised the defense of duress in the Arbitral Proceeding but "failed to provide any evidence demonstrating that the Settlement Agreement was executed under duress." *Id.* at 16. "Nor did they exercise their right of revocation in accordance with the legal procedures." *Id.* Before the Tribunal made the final decision, parties "cross-examined the evidence submitted by the opposing party, responded to investigative questions posed by the Tribunal, and made their final statements." *Id*. at 11. The parties expressed their views, agreed to conduct a written cross-examination of the post-hearing materials, and raised no objections to the [Tribunal]'s jurisdiction, the composition of the Tribunal, or any of the arbitration proceedings already conducted. *Id*.

It is clear from the record that Respondents, failing to provide any evidence to demonstrate duress and failing to exercise their right of revocation, withdrew their jurisdictional challenges after the hearing, despite their initial "nominal objection" to the Tribunal's jurisdiction. It is also worth noting that although Respondents failed to produce any evidence to show duress, they were able to present a Letter of Undertaking and invoices to prove the disputed amount payable. Dkt. No. 4-4 at 13. The Tribunal even adopted Respondent's argument and evidence regarding the disputed amount and agreed to deduct the total amount awarded by USD 12,690. *Id.* at 18. Unlike the defendant in *China Minmetals*, whose participation in the arbitral proceeding was "limited to arguing the forgery issue," Respondents proceeded to fully litigate the merit of the underlying core

dispute – the amount due and payable to Petitioner, and even received a partially favorable award. *Cf. China Minmetals*, 334 F.3d at 291 (finding no waiver because the participation in arbitral proceeding was limited to the forgery issue, not the full merits). The record sufficiently shows that Respondents have done more than just participate in the arbitration proceeding; they "proceeded to participate fully in the merits of the arbitration," thus effectively waiving the jurisdictional challenge. *China Minmetals*, 334 F.3d at 291.

Given that Respondents have waived the jurisdictional challenge and fully litigated the merit of the case, Respondents are precluded from relitigating the case before this Court.

**B. Petitioner Has Met Its Burden of Proof, but Respondents Failed to Meet Theirs**

Respondents have conceded that the evidentiary burden on Petitioner pursuant to New York Convention Art. IV requires two documents: (a) The duly authenticated original award or a duly certified copy thereof; (b) The original agreement referred to in article II or a duly certified copy thereof. Dkt. No. 10 at 5 (citing New York Convention Art. IV.). Petitioner has duly submitted these documents to the Court, a procedural fact that Respondents did not and could not deny, which fulfils its initial burden of proof. Dkt. Nos. 4-3 and 4-4. In the Opposition, Respondents' argument regarding burden of proof only addresses the factual dispute regarding whether duress existed under the definition of PRC Law, a factual assertion raised by Respondents for which Petitioner has affirmatively denied and bears no burden of proof.

As discussed above, Respondents are barred from raising this challenge as a result of waiver. Even assuming, *arguendo*, that Respondents did not waive their defense, Respondents have still not met their burden of proof to raise this objection. The New York

Convention requires that the Court "shall confirm the [A]ward" unless Respondents supply affirmative proof that one of the Convention's narrow exceptions applies. (citing 9 U.S.C. § 207 and Convention, 21 U.S.T. 2517, art. V, § 1 (emphasis added)).

In the present case, Respondents only rely on the exception of Article V(1)(a), which provides a ground to refuse enforcement of arbitral award if the agreement to arbitrate is not valid "under the law of the country where the award was made." New York Convention, Art. V(1)(a). In other words, if parties' agreement to arbitrate is invalid under Chinese law, the arbitral award may not be enforceable. Pursuant to *Jiangsu Beier Decoration Materials Co., Ltd. v. Angle World LLC*, 52 F.4th 554 (3d 2022), this Court is not required to defer to arbitrators' determinations regarding the application of foreign laws, but Respondents bear the heavy burden to establish that "the said agreement is not valid under the law to which the parties have subjected it." *E. Land Retail,* 2014 WL 6635018, at *1.; see also *Anoruo v. Tenet HealthSystem Hahnemann*, 697 F. Appx. 110, 111 (3d Cir. 2017); *VRG Linhas Aereas S.A. v. MatlinPatterson Global Opportunities Partners II L.P.*, 717 F.3d 322, 325 (2d Cir.2013).

Respondents have constantly failed to meet this burden of proof. In the Opposition, Respondents' asserted facts are supported by nothing but contradictory declarations or opinions signed by Respondents and their agents. Dkt. Nos. 10-1, 10-2, 10-3. Respondents did not produce a single piece of evidence that is not self-testifying during the arbitral proceeding, and still have not done so as of this filing. Furthermore, Respondents have not introduced any expert testimony to demonstrate that such an agreement is invalid under applicable Chinese laws or sought invalidation of the arbitral award before a Chinese court. This further undermines the credibility of Respondents' claim that the Settlement

Agreement was invalid under Chinese laws.

For the foregoing reasons, Respondents have not met this heavy burden of proof to show duress that could invalidate the Settlement Agreement under New York Convention Art. V(1)(a). The repeated failure of Respondents to produce supporting evidence indicates there is no genuine factual or legal dispute over the validity of Settlement Agreement.

## **CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests that this Court confirm the Award pursuant to 9 U.S.C. § 9; grant Petitioner post-judgment interest pursuant to 28 U.S.C. § 1961(a), from the date of entry of judgment until payment in full; and award Petitioner recovery of its legal fees and costs incurred in connection with this proceeding.

Date: July 14, 2025                                         Respectfully submitted,

_____
By: Heng Wang, Esq.
Wang, Gao & Associates, P.C.
36 Bridge Street
Metuchen, NJ 08840
Tel: (732) 767-3030
Fax: (732) 352-1419


Shaoyi Che, Esq.
TX#24139843
*Pro Hac Vice* pending
YoungZeal LLP

                        9355 John W. Elliott Dr,
                        Ste 25555, Frisco, TX 75033
                        Tel: (717) 440 3382
                        Che@yzlaw.com

***ATTORNEY FOR PETITIONER***
***SHENZHEN GOLDELY GARMENTS IMPORT AND EXPORT INC.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July of 2025, I caused the foregoing Reply Memorandum of Law to be served upon all counsel of record via the Court's electronic filing system.

Date: July 14, 2025

_____
By: Heng Wang, Esq.