UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHENZHEN GOLDELY GARMENTS
IMPORT AND EXPORT INC.,

            Petitioner,

            v.

POINT COLLECTION LLC, *et al.*,

            Respondents.

Civil Action No. 25-6313 (MAS) (RLS)

**MEMORANDUM ORDER**

      This matter comes before the Court on Petitioner Shenzhen Goldely Garments Import and Export Inc.'s ("Petitioner") Motion to Confirm Arbitration Award against Respondents Point Collection LLC and The Gallery Collection LLC (collectively, the "Respondents"). (ECF No. 4.) Respondents opposed (ECF No. 10), and Petitioner replied (ECF No. 11). The Court has carefully considered the parties' submissions and reaches its decision without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons set forth herein, the Motion to Confirm Arbitration Award is granted.

      Petitioner is a Chinese company that imports and exports garments and other products. (Pet. ¶ 1, ECF No. 1.) Respondents are both New Jersey limited liability companies with their principal places of business in Lakewood, New Jersey. (*Id.* ¶ 2.) Petitioner is one of Respondents' suppliers. (*Id.* ¶ 8.) From November 2023 to January 2024, Respondents placed five purchase orders with Petitioner, but did not pay for the goods delivered pursuant to those orders. (*Id.*)

      On May 4, 2024, during the China Import and Export Fair, also called the Canton Fair, the parties entered into agreement number #135TD0029 (the "Settlement Agreement") to settle the payment disputes related to Respondents' five unpaid purchase orders. (Pet'rs' Moving Br. 2, ECF

No. 4-1.) Petitioner claims that at the Canton Fair, Fernando Hector Machado ("Machado"), an employee of Respondents, entered into the Settlement Agreement with Petitioner on behalf of Respondents. (*Id.* at 2-3.) Respondents, however, claim that Machado, an employee who had no authority to sign on behalf of Respondents, "was forced into a room at the Canton Fair . . . by security officers and Chinese lawyers working on behalf of the Petitioner . . . [and] was forced to respond to the Petitioner's claims without counsel, under duress[,] and unable to contact his superiors in the United States." (Resp'ts' Opp'n Br. *4,[1] ECF No. 10.)

The Settlement Agreement signed by Machado and Petitioner provides, in part, that "either party shall have the right to apply to the Shenzhen Court of International Arbitration [(the "SCIA")] for an expedited arbitral award, in accordance with the provisions of its Arbitration Rules and this Settlement Agreement." (Pet. ¶ 11; Pet'rs' Moving Br. 2-3; Ex. 1 to Pet'rs' Moving Br., ECF No. 4-3.) Under the Settlement Agreement, Respondents were to pay Petitioner $220,186 by May 31, 2024, to settle all disputes related to the five unpaid purchase orders. (Pet. ¶ 10; Ex. 1 to Pet'rs' Moving Br.) When Respondents failed to timely pay, Petitioner initiated arbitration in front of the SCIA. (Pet. ¶ 13.) On March 31, 2025, Arbitrator Jianzhao Wang of the SCIA issued a final award (the "Award") in favor of Petitioner. (*Id.* ¶ 14; Ex. 2 to Pet'rs' Moving Br., ECF No. 4-4.) Respondents never paid Petitioner pursuant to the Award (*see* Pet'rs' Moving Br. 4), so Petitioner brought a Petition in front of this Court and filed the instant Motion to Confirm Arbitration Award.

Federal courts have jurisdiction to confirm arbitration awards pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"). 9 U.S.C. § 203. The New York Convention permits the recipient of a foreign arbitration award to seek enforcement of that award by a federal district court. 9 U.S.C. §§ 201-08;

---

[1] Page numbers preceded by an asterisk refer to the page numbers noted in the ECF header.

2

*see Jiangsu Beier Decoration Materials Co. v. Angle World LLC*, 52 F.4th 554, 559 (3d Cir. 2022). To obtain enforcement of an arbitral award, the party seeking enforcement may apply to a federal district court, attaching copies of both the arbitral award it seeks to enforce, and the agreement to arbitrate. *See* Convention, Art. IV; 9 U.S.C. § 201. Once a petitioner complies with these requirements, the district court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207; *Admart AG v. Stephen & Mary Birch Found., Inc.*, 457 F.3d 302, 307 (3d Cir. 2006).

Under the New York Convention, "a district court's role is limited—it *must* confirm the award unless one of the grounds for refusal specified in the Convention applies to the underlying award." *Admart AG*, 457 F.3d at 307 (emphasis added) (citing *Compagnie Noga D'Importation et D'Exportation S.A. v. Russian Fed'n*, 361 F.3d 676, 683 (2d Cir. 2004)). Article V specifies grounds upon which "[r]ecognition and enforcement of the award may be refused" which include, among others, that "[t]he parties to the agreement . . . were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made[.]" Convention Done at New York June 10, 1958 ("Convention"), Art. V, 21 U.S.T. 2517. "To carry out the policy favoring enforcement of foreign arbitral awards, courts have strictly applied the Article V defenses and generally view them narrowly." *Admart AG*, 457 F.3d at 308 (citing *China Minmetals Mats. Import & Export Co. v. Chi Mei Corp.*, 334 F.3d 274, 283 (3d Cir. 2003)). "[T]he party seeking to avoid summary confirmance of an arbitral award has the heavy burden of proving that one of the seven defenses applies." *VRG Linhas Aereas S.A. v. MatlinPatterson Glob. Opps. Partners II L.P.*, 717 F.3d 322, 325 (2d Cir. 2013) (citation omitted); *see also China Minmetals*, 334 F.3d at 289 ("[A] party that opposes enforcement of a foreign

3

arbitration award . . . on the grounds that the alleged agreement . . . was void *ab initio* is entitled to present evidence of such invalidity to the district court, which must make an independent determination of the agreement's validity . . . in the absence of a waiver precluding the defense.").

Here, Petitioner met its initial burden by attaching copies of the Settlement Agreement, which contains an arbitration provision, and the Award it seeks to enforce. (*See generally* Exs. 1-2 to Pet'rs' Moving Br.); Convention, Art. IV; 9 U.S.C. § 201. Respondents, however, argue that the Settlement Agreement is not enforceable under Chinese Law because Machado was coerced into signing the agreement.[2] (*See* Resp'ts' Opp'n Br. *6-*7.) To support these arguments, Respondents attach two affidavits to their opposition brief that set forth the same facts Respondents presented during the arbitration proceeding. (*See id.*; Decl. of F. Hector Machado, ECF No. 10-1; Decl. of A. Flohr, ECF No. 10-2; *see generally* Ex. 2 to Pet'rs' Moving Br.) Respondents here do no more than merely reference the declarations, make conclusory statements about the facts, and state that "Chinese Contract Law explicitly stipulates that a contract is void if it is concluded under coercion or threats that compromise the free will of the concerned parties" and "Articles 52 and 54 of the Contract Law of the People's Republic of China both provide for cancellation of contracts obtained under duress." (*See* Resp'ts' Opp'n Br. *6-*7.) Respondents do not provide *any* detailed argument, analysis, or case law citations supporting their argument that the facts leading to the execution of this Settlement Agreement make the agreement void under Chinese law. (*See id.*) Where, as here,

---

[2] This argument was initially raised by Respondents during the arbitration. (*See generally* Resp'ts' Opp'n Br.) At the parties' hearing in front of the SCIA, however, the parties presented their claims and defenses, cross-examined all the evidence, "agreed to conduct written cross-examination of the post-hearing materials, and raised no objections to the Court's jurisdiction, the composition of the [SCIA Tribunal hearing the dispute], or any of the arbitration proceedings already conducted." (Ex. 2 to Pet'rs' Moving Br. 1.) Respondents meaningfully participated in the arbitration and "did [not] exercise their right of revocation" to challenge the arbitrator's jurisdiction, and their argument was ultimately rejected during the arbitration. (*See id.* at 1, 6.)

the "district court's role is limited," and Respondents have a "heavy burden" of proving that one of the defenses under the Convention applies, such conclusory statements are insufficient.³ *See Admart AG*, 457 F.3d at 307; *VRG Linhas Aereas S.A*, 717 F.3d at 325; *see also E. Land Retail Ltd. v. Sky Mart Glob. LLC*, No. 14-3038, 2014 WL 6635018, at *1 (D.N.J. Nov. 21, 2014) ("These grounds for refusal [under the Convention] must be invoked *and proved* by the party opposing confirmation of the award[.]" (emphasis added)). Because Petitioner met its burden and Respondents failed to meet theirs, the Motion to Confirm Arbitration Award is granted.

Based on the foregoing,

**IT IS**, on this ____ day of October 2025, **ORDERED** as follows:

1.  Petitioner's Motion to Confirm Arbitration Award (ECF No. 4) is **GRANTED**.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

³ Even if Respondents met their burden, they likely waived their ability to make the argument that the Settlement Agreement is unenforceable because they substantively and meaningfully participated in the arbitration, did not raise objections related to the arbitrator's jurisdiction, and "did [not] exercise their right of revocation" to challenge the arbitrator's jurisdiction. (*See* Ex. 2 to Pet'rs' Moving Br. 1, 6); *China Minmetals*, 334 F.3d at 291 (noting example where waiver was found after the party "proceeded to participate fully in the merits of the arbitration," but finding no waiver where arbitration participation was limited to arguing the defense that the contract at issue was invalid because it was forged (citing *Highgate Dev. Corp. v. Kirsh*, 540 A.2d 861, 862 (N.J. Super. Ct. 1988)); *but see Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1510 (3d Cir. 1994) ("A jurisdictional objection, once stated, remained preserved for judicial review absent a clear and unequivocal waiver. Therefore, where a party objects to arbitrability but nevertheless voluntarily participates in the arbitration proceedings, waiver of the challenge to arbitral jurisdiction will not be inferred.").